# United States District Court

SOUTHERN **DISTRICT OF** NEW YORK

DIOGENES PEREZ,

    Plaintiff

## SUMMONS IN A CIVIL CASE

    V.

CASE NUMBER   06 CV 4008 (PKC)

THE CITY OF NEW YORK, and Police Officer's
CARL BENNETT, LUIS SANDOVAL, and SGT
ROBERT JONES, both individually and as
members of the New York City Police Department

TO: (Name and address of defendant)

| The City of New York | P. O. Carl Bennett | P. O. Luis Sandoval | SGT. Robert Jones |
|---|---|---|---|
| 100 Church Street | 34th Precinct | 34th Precinct | 34th Precinct |
| New York, NY 10007 | 4295 Broadway | 4295 Broadway | 4295 Broadway |
|  | NY, NY 10033 | NY, NY 10033 | NY, NY 10033 |

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Stanislao A. German
122 East 42nd Street
Suite 2710
New York, NY 10007

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

OCT 27 2006

DATE

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
        Date

_____
Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

SG7914

DIOGENES PEREZ,

      Plaintiff,

  -against-

THE CITY OF NEW YORK, and Police Officer's CARL BENNETT, LUIS SANDOVAL, and SGT. ROBERT JONES, both individually and as members of the New York City Police Department.

      Defendants.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

06 CV 4008 (PKC)



Plaintiff, DIOGENES PEREZ, by his attorney, STANISLAO A. GERMÁN, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1   Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and Police Officer CARL BENNETT, Police Officer LUIS SANDOVAL, and Police Officer SGT. ROBERT JONES, both individually and as members of the New York City Police Department, as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of New York County in the State of New York, in the Southern District of New York, of Latino heritage.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. Defendants Police Officer CARL BENNETT, Police Officer LUIS SANDOVAL, and Police Officer SGT. ROBERT JONES, are and were at all times relevant to this action, police officers employed by the New York City Police Department (hereinafter,

"NYPD"), and acting under color of state law. They are being sued in both their individual and official capacity.

9. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD

## FACTS

1  On December 29th, 2004, Mr. Perez, along with his twelve year old daughter Stephanie, was standing in front of 543 West 181st Street in New York County at approximately 9:30 p.m.

12. While on the corner of 181st Street, Mr. Perez was talking on his cellular telephone when he was approached by Police Officer's Luis Sandoval, Carl Bennett and an unidentified Sergeant from the 34th Precinct of the New York City Police Department

13. For no apparent reason, the officers ordered Mr. Perez to face the wall and place his hands on the wall.

14. After complying with the officer's order, Mr. Perez' face was mashed against the brick wall.

15. In response to the officer's inexplicable actions and the resulting pain to his face, Mr. Perez instinctively turned away from the wall, causing one of the police officers to slip.

16. In response, Police Officer's Bennett and Sandoval, along with the unidentified Sergeant knocked Mr. Perez to the ground and began to assault him by striking him in the face, kicking him in the stomach area, and stomping on his back.

17. After being assaulted, Mr. Perez was handcuffed and taken to the 34th precinct.

18. Throughout his detention by Officer Bennett and members of the New York City Police Department, Mr. Perez was denied medical attention.

19. At his criminal court arraignment, Mr. Perez was informed by his public defender that he was charged with harassment in the second degree and resisting arrest

20. At his criminal court arraignment on December 30th, 2004, Mr. Perez was arraigned on the misdemeanor charges and released without bail.

21. Upon his release from jail, Mr. Perez went to Columbia Presbyterian Hospital to treat his injuries.

22. Mr. Perez returned to court for approximately four (4) months demanding a jury trial

23. On April 7th, 2005, all criminal charges were dismissed and sealed by the court

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

24. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 23 with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

26. All of the aforementioned acts deprived Plaintiff, Diogenes Perez, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth,

4

Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his respective municipality, which is forbidden by the Constitution of the United States.

30. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

32. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs   through 32 with the same force and effect as if fully set forth herein.

34. As a result of Defendants' aforementioned conduct, Plaintiff, Diogenes Perez, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent

35. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

36. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community, including his daughter.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein

38. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

39. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

40. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

6

41. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

42. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

43. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

44. The criminal proceedings were terminated in Plaintiff's favor on or about April 7th, 2005, when the charges against him were dismissed and sealed.

## FIFTH CLAIM FOR RELIEF: ASSAULT UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

46. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

47. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

48. As a result of the excessive force and brutality, Plaintiff sustained substantial pain and bruising and swelling to his face and back.

49. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage.

## SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

50. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 49 with the same force and effect as if fully set forth herein.

51. Defendant Police Officer's CARL BENNETT, LUIS SANDOVAL, and Police Officer SGT. ROBERT JONES, arrested Diogenes Perez despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights

52. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

54. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

55. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

56. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Diogenes Perez.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

60. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

61. All of the foregoing acts by Defendants deprived Plaintiff, Diogenes Perez, of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from intentional assault and infliction of emotional distress;

    f. Not to have cruel and unusual punishment imposed upon him; and

    g. To receive equal protection under the law

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
         October 16, 2006

Respectfully submitted,

Stanislao a. Germán (SG 7914)
Attorney for Plaintiff
122 East 42nd Street, Suite 2710
New York, New York 10168
(212) 986-6776

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DIOGENES PEREZ,**

**Plaintiff**

**-against-**

**THE CITY OF NEW YORK, and Police Officer's CARL BENETT, LUIS SANDOVAL, and SGT. ROBERT JONES, both individually and as members of the New York City Police Department.**

**Defendant.**

---

**AMENDED COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

---

**Law Office of Stanislao A. Germán**
**Stanislao A. Germán, Esq.**

**122 East 42nd Street, Suite 2710**
**New York, New York 10168**
**(212) 986 -6776**